UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X
BENEDICT CALANDRINO,

                      Plaintiff,

       -against-

THE LONG ISLAND RAILROAD COMPANY,

                      Defendant.

---------------------------------------X

18-CV-6707

**COMPLAINT**

PLAINTIFF DEMANDS
**TRIAL BY JURY**

Plaintiff, BENEDICT CALANDRINO, complaining of defendant, by his attorneys, LAW OFFICE OF PHILIP P. VOGT, PLLC., respectfully shows to this Court and alleges, upon information and belief:

**AS AND FOR A FIRST CAUSE OF ACTION**

**FIRST:** The action herein arises under the Federal Employers' Liability Act, Title 45, United States Code Annotated, §§51-60, as hereinafter more fully appears.

**SECOND:** At all times herein mentioned, the defendant, The Long Island Railroad Company (hereinafter "LIRR"), was a railroad corporation organized and existing under and by virtue of the laws of the State of New York.

**THIRD:** At all times herein mentioned, the defendant, LIRR, was and still is doing business in the County of Queens, City and State of New York.

**FOURTH:** At all times herein mentioned, the defendant, LIRR, was and now is a common carrier by rail engaged in interstate commerce between different states in the United States

**FIFTH:** On November 1, 2017, and for some time prior thereto, plaintiff, BENEDICT CALANDRINO, was in the employ of the defendant LIRR, in the capacity of a Conductor.

**SIXTH:** On the date aforesaid, plaintiff was working at the Jamaica Storage Yard, in Jamaica, New York which Yard was owned by defendant.

**SEVENTH:** On the date aforesaid, plaintiff was working at the place aforesaid which was operated by defendant.

**EIGHTH:** On the date aforesaid, plaintiff was working at the place of the occurrence herein leased by defendant.

**NINTH:** On the date aforesaid, plaintiff was working at the place of the occurrence herein controlled by defendant.

**TENTH:** On the date aforesaid, while plaintiff was working at the area described in Paragraph "SIXTH" above, he was caused to be injured when he was exiting the Jamaica Storage Yard and the right front tire of the vehicle he was driving blew out when it went over loose metal plate in the road causing the vehicle

2

to hit a retainer wall, all due to the negligence of defendant, its agents, servants and/or employees, and he thereby sustained severe and painful injuries.

**ELEVENTH:** Plaintiff's duties generally in defendant LIRR's, employ were substantially in furtherance of interstate commerce, and directly, closely and substantially affected such commerce.

**TWELFTH:** At the time of the said occurrence, plaintiff was engaged in duties for defendant LIRR in furtherance of interstate commerce, said duties directly, closely and substantially affecting such commerce.

**THIRTEENTH:** Said occurrence and the injuries resulting therefrom were the result of the negligence of defendant, its agents, servants and employees in the following respects: in that employees of defendant were careless and negligent in the performance of their duties; in that defendant's employees were negligent in the operation and work of defendant's railroad business; in that defendant maintained its railroad equipment in an improper, defective and dangerous condition; in that defendant failed to provide plaintiff with a safe place in which to work and with safe equipment and safe work methods with which to work; in that employees of defendant failed to take proper precautions to prevent the injury sustained by plaintiff; in that defendant failed to make proper and adequate provision for

3

the safety of plaintiff; in that defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work and operation of its railroad; in failing to guard against those risks and/or dangers which defendant knew or by the exercise of due care should have known; in failing to exercise reasonable care to provide plaintiff with a safe place to work, reasonably safe conditions in which to work and reasonably safe tools, work methods and equipment; in failing to inspect the place of work and work procedure; in failing to exercise reasonable care in assigning this particular task to plaintiff; in failing to consider the plaintiff's particular physical condition before assigning the tasks to him; in negligently instructing the plaintiff to perform tasks with a number of men and/or a procedure or method which would result in injury; in causing, allowing, suffering and/or permitting said workplace to be and remain in an unsafe, dangerous, precarious and dangerous condition; in failing to warn plaintiff of the dangers associated with the prescribed work method being employed; in causing, allowing, suffering and/or permitting said metal plate to be in an unsafe and dangerous condition; in causing, allowing, suffering and/or permitting said metal plate to be remain loose and unsecured; in causing, allowing, suffering and/or permitting said metal plate to shift; in causing, allowing, suffering and/or permitting said metal plate to shift

and cause damage to vehicles; in failing to secure said metal plate; in failing to provide the proper adhesive and/or cement support for said metal plate the prevent it from shifting and/or moving; in failing to warn plaintiff of the loose an unsecured metal plate; in failing to erect any barriers around said metal plate; in failing to erect any warning signs around said metal plate; in allowing vehicles to drive over said metal plate; in violating its own safety rules and regulations and accustomed practice in the industry including LIRR Safety Rules 1.01.1 in failing to protect fellow employees; 1.01.6 in failing to make sure employee was familiar with and complied with all safety rules; in failing to inform plaintiff of the unusual hazard at said work site; in failing to continuously supervise the work for compliance with safe work practices; 1.02.2(3) in failing to assess the work area for hazards and the need for protective equipment; 100.0.1 in failing to create a safe work environment; 100.0.4 in failing to keep the work area clean, orderly and free of unprotected hazards; 200.1(3) in failing to warn of unsafe conditions; 200.3(1) in failing to ensure work was done in a safe manner, (2) in failing to observe and correct or instruct the plaintiff, (3) in failing to warn and continuously observe and supervise the work, (4) in failing to instruct the plaintiff about the potential hazard; 300.3, in failing to inspect the work site for dangerous conditions and take action to prevent

5

harm; 29 CFR Sections 1926.20 in failing to perform adequate inspection of the job site; 1926.21(b)(2) in failing to instruct the plaintiff in the recognition and avoidance of unsafe conditions.

**FOURTEENTH:** Said occurrence and the injuries resulting therefrom were due wholly and solely to the negligence of defendant, its agents, servants and employees, and the defects in defendant's property and equipment as aforesaid, without any fault or negligence on the part of plaintiff contributing thereto.

**FIFTEENTH:** By reason of the premises, plaintiff was severely and seriously injured; suffered and will continue in the future to suffer pain and injury; has become sore, lame and disabled, and will be permanently injured; has lost and will lose in the future sums of money which he otherwise would have earned; has been compelled to spend sums of money and incur liability for medical treatment and medicine, and will incur such expenses in the future.

**SIXTEENTH:** By reason of the premises, plaintiff has been damaged in the sum which exceeds the minimum jurisdictional requirements of this Court.

## AS AND FOR A SECOND CAUSE OF ACTION

**SEVENTEENTH:** Plaintiff, BENEDICT CALANDRINO , repeats, reiterates and re-alleges each and every allegation contained hereinabove in paragraphs "FIRST" through "SIXTEENTH" inclusive with the same force and effect as if hereinafter set forth fully at length.

**EIGHTEENTH:** By reason of the foregoing, plaintiff has suffered damage to his automobile which resulted in and out of pocket expense of $ 1,500.00 to repair said damages.

**NINETEENTH:** By reason of the foregoing, plaintiff was caused to incur expenses in the amount of $ 1,357.91 to cover the costs for a rental vehicle during the time his automobile was being repaired.

**EIGHTEENTH:** Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff, BENEDICT CALANDRINO, hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

**WHEREFORE**, plaintiff demands judgment against the defendant on each cause of action in a sum which exceeds the minimum jurisdictional requirements of this Court, together with the costs and disbursements of this action.

Dated: New York, New York
       November 26, 2018

Respectfully submitted,

LAW OFFICE OF PHILIP P VOGT PLLC
Attorneys for Plaintiff

By: *[signature]*
PHILIP P. VOGT - PV0377
5 Penn Plaza - 23rd Floor
New York, New York 10001
212-835-1640
PhilipPVogt@PVogtlaw.com